Rockingham,
No. 5379.

ALVAN R. CORKIN *v.* ELGER CORPORATION *& a.*

Argued October 6, 1965.
Decided December 7, 1965.

*Smith, Welts & Robertson* and *Robert F. McGinnis* (*Mr. Mc-Ginnis* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Christopher C. Gallagher* (*Mr. Gallagher* orally), for the defendants.

DUNCAN, J. In *Coltin Company* v. *Manchester Savings Bank,* 105 N. H. 254, it was held that a brokerage contract made in New Hampshire with respect to New Hampshire real estate of a New Hampshire corporation was unenforceable at the instance of a foreign broker not licensed under RSA ch. 331-A (supp). The case before us presents the question of whether such a contract entered into in Massachusetts between residents of that jurisdiction relating to real estate in New Hampshire is likewise unenforceable in our courts by a broker unlicensed in this state.

As was pointed out in *Coltin, supra,* the statute (RSA ch. 331-A (supp)) was designed to afford protection to the public against "fraud and incompetence" at the hands of "unscrupulous brokers and salesmen." *Id.,* 256, 257. Since the statute provides for the licensing of nonresident brokers, it was held to apply to the foreign broker whose contract of employment with respect to New Hampshire real estate was entered into in this state with a local resident.

The defendant contends that the statute applies with equal force to the nonresident broker who enters into a brokerage contract elsewhere with a nonresident owner of New Hampshire real estate. The plaintiff points out that the prohibition of the statute is limited by its terms to brokers who "conduct directly or indirectly . . . the business . . . of a real estate broker . . . within this state" or who "hold [themselves] out as engaging in . . . [such] business, or acting in the capacity, of a real estate broker . . . within this state" (RSA 331-A:3); and that there is no evidence that the plaintiff is such a person. He therefore argues that since he has engaged in no activities "within this state," there has been no

violation of the statute and the courts of the state should not be closed to his suit for his commission.

It has been pointed out that "justice and sound policy do not always require the enforcement of licensing statutes by large forfeitures going not to the state but to repudiating defendants." 6A Corbin, Contracts, s. 1512, p. 713. See also, *Henning* v. *Hill*, 80 Ind. App. 363; *Burbank* v. *McDuffee*, 65 Me. 135, 136. The statute is for the protection of owners of New Hampshire real estate, and is expressly made applicable to the conduct of unlicensed brokers "within this state." Unlike the statutes of some other jurisdictions, it contains no provision prohibiting recovery of brokerage charges in the courts of this state by persons unlicensed under the statute. *Cf. Horwitz* v. *Food Town, Inc.*, 241 F. Supp. 1, 3 ( D. La. 1965); *Tanenbaum* v. *Sylvan Bldrs., Inc.*, 50 N. J. Super. 342, 353; *Reed* v. *Kelly*, 177 F. 2d 473 (7th Cir. 1949).

We think it improbable that the Legislature intended that owners of New Hampshire real estate who choose to forego the services of brokers licensed under RSA ch. 331-A (supp) should enjoy the privilege of sanctuary or asylum in this state, as protection against enforcement of their obligations to nonresident brokers of their choice, for services rendered elsewhere under contracts made outside the state. A broker whose conduct would not subject him to the criminal penalty of a fine as provided by *s*. 8 of the statute, should not in justice be subjected to a civil penalty of forfeiture of a greater sum because of conduct not shown to have violated the act. Other jurisdictions have reached like conclusions under comparable statutes. *McGillivray* v. *Cronrath*, 48 Idaho 97; *In re Stoddard's Estate*, 60 Wash. 2d 263. See also, *Richland Development Co.* v. *Staples*, 295 F. 2d 122 (5th Cir. 1961). We hold that on the record before us it does not appear that the plaintiff was engaged in conduct made unlawful by RSA ch. 331-A (supp), and accordingly that his action was erroneously dismissed.

*Exception sustained.*

All concurred.