Manchester Retirement Board
No. 99-822

APPEAL OF MARION ANDERSON

(Board of Trustees of the City of Manchester Employees' Contributory Retirement System)

November 14, 2001

*Craig, Wenners & Craig, P.A.*, of Manchester (*Vincent A. Wenners, Jr.* on the brief and orally), for the petitioner.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Linda S. Johnson* and *Jeremy T. Walker* on the brief, and *Ms. Johnson* orally), for the respondent.

DUGGAN, J. The petitioner, Marion Anderson, appeals the denial by the Board of Trustees of the City of Manchester Employees' Contributory Retirement System (retirement board) of her petition for disability pension retirement benefits. *See* Laws 1973, 218:7, IV; Laws 1973, 218:8, II (amended 1999). We reverse and remand.

The following facts are not disputed. The petitioner joined the city's employ as a school custodian on May 5, 1985. She suffered a work-related injury on September 9, 1992, and was found to be temporarily totally disabled for purposes of workers' compensation benefits. She was laid off as part of a department-wide layoff on July 1, 1994. In November 1998, she received a determination by the Social Security Administration that she was entitled to monthly disability benefits based upon a March 1997 date of disability.

The petitioner applied for disability pension benefits from the city on February 2, 1999, which the retirement board denied, concluding that she had failed to apply within sixty days of the termination date of her service as required by City of Manchester Employees' Contributory Retirement System Administrative Rule 2.4.1 (Rule 2.4.1). The retirement board denied the petitioner's request for reconsideration.

The petitioner argues that: (1) the administrative rule requiring a city employee injured in the course of employment to apply for disability pension benefits within sixty days of the termination of employment is arbitrary and unreasonable; and (2) the retirement board's adoption of that rule was ultra vires.

The City of Manchester Employees' Contributory Retirement System (retirement system) provides for the grant of disability retirement benefits under two circumstances. First, an employee who has been employed by the city for at least fifteen years may receive disability retirement benefits if she becomes totally disabled, whether injured on or off the job. *See* Laws 1973, 218:7, III. Second, an employee injured in the course of employment may receive disability retirement benefits regardless of the duration of her employment. *See* Laws 1973, 218:7, IV. The legislation provides, in pertinent part:

> III. Any member of the retirement system who, after fifteen years of continuous service as an employee of the city of Manchester, shall be totally and permanently disabled, may be retired for disability according to the provisions of this act. . . .

> IV. If such total disability is shown to the satisfaction of the board to have been sustained during the performance of duties pertaining to his employment by the city, such member shall be entitled to retirement for disability irrespective of the duration of his employment.

Laws 1973, 218:7, III, IV.

The retirement board enacted Rule 2.4.1 to govern applications for work-related disability benefits:

> Work-related disability applications shall be considered by the Board only after the Work-related Disability Retirement Application Form and Attending Physician's Statement Form are both filed with the Board. These forms shall be filed with the Board while the Member is in service or within 60 days of the termination date of the Member's service.

Reading Laws 1973, 218:7, IV and Rule 2.4.1 together yields the following set of requirements in order to apply for work-related retirement benefits: (1) the disability must have been sustained during the performance of the employee's employment-related duties; (2) the disability must be total and permanent; (3) the employee must apply for the benefits while in service or within sixty days of the termination of her employment. The petitioner notes that her disability did not become permanent until more than sixty days after her employment ended. Therefore, she argues, as applied to her, the sixty-day time limit in Rule 2.4.1 is arbitrary and unreasonable. We agree.

█ It is well established that "administrative officials do not possess the power to contravene a statute." *Petition of Strandell*, 132 N.H. 110, 119 (1989). Thus, administrative rules may not add to, detract from, or modify the statute which they are intended to implement. *See id.; see also Petition of Smith*, 139 N.H. 299, 308-09 (1994). The authority to promulgate rules and regulations "is designed only to permit the board to fill in the details to effectuate the purpose of the statute." *Reno v. Town of Hopkinton*, 115 N.H. 706, 707 (1975). If an administrative rule reasonably and effectively carries out the legislative purpose, it will be upheld. *See State v. Normand*, 76 N.H. 541, 543 (1913).

Here, the purpose of the work-related disability retirement legislation is to provide benefits to city employees who are totally and permanently disabled as a result of their employment. As such, an employee injured at work is entitled to retirement benefits once the disability becomes total and permanent, even though it might not become permanent immediately after the injury or even until well after the employee leaves the city's employ. The regulation's requirement that the employee must apply for retirement benefits within sixty days of the termination of his or her employment makes it impossible for an employee who was injured while employed, whose employment was terminated, but who did not become permanently disabled until more than sixty days after the employment

ended, to apply for benefits within the time limit called for in the regulation.

The sixty-day time limit effectively denies benefits to employees who would otherwise be eligible for disability pension retirement benefits under the statute and therefore, as applied in this case, is inconsistent with Laws 1973, 218:7, IV. *Cf. Gutierrez v. Pol. & Firemen's Dis. & Pens.*, 639 N.E.2d 39, 41 (Ohio 1994) (city employee injured during employment eligible to apply for disability retirement benefits seven and one-half years after being terminated notwithstanding administrative rule containing implicit twelve-month limitation); *Miller v. City of Wilmington*, 285 A.2d 443, 446 (Del. Ch. 1971) (city employee injured during employment who resigned unaware that injury was permanent entitled to apply for disability pension), *aff'd*, 293 A.2d 574 (Del. 1972).

We note that the sixty-day time limit may be a reasonable rule for city employees who become permanently disabled during their employment. The regulation, however, is unreasonable as applied to city employees who are not deemed to be permanently disabled until after termination of their employment. Accordingly, we hold that the sixty-day limitation period is arbitrary and unreasonable as applied to this plaintiff and remand to the board for further proceedings consistent with this opinion. In light of our holding, we need not address the petitioner's second argument.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.