Board of Accountancy
No. 2010-101

### APPEAL OF ROBERT DANIEL MAYS
### (New Hampshire Board of Accountancy)

Argued: October 14, 2010
Opinion Issued: February 23, 2011

Robert Daniel Mays, by brief and orally, *pro se*.

*Michael A. Delaney*, attorney general (*Elyse S. Alkalay*, attorney, on the brief and orally), for the State.

DUGGAN, J. The petitioner, Robert Daniel Mays, challenges a decision of the New Hampshire Board of Accountancy (Board) denying his application for a certified public accountant (CPA) certificate. The sole issue in this case is whether the Board exceeded its authority when it promulgated a rule requiring an applicant for initial certification as a CPA to secure experience in a licensed public accounting firm that actually practices public accounting in order to satisfy the experience requirement under RSA 309-B:5, IX (Supp. 2010). We reverse and remand.

The facts are adduced from the certified record. In order to practice as a CPA in this state, an individual must hold a CPA certificate. *See* RSA 309-B:14 (Supp. 2010). In August 2009, the petitioner applied for a CPA certificate to practice public accounting in New Hampshire. *See* RSA 309-B:7 (Supp. 2010). On his application, he identified as his public accounting experience services that he performed from approximately April 2007 through January 2009 while employed by a company in Virginia named BearingPoint, Inc. By majority vote, the Board denied the petitioner's application, determining that his experience did not qualify as public accounting experience in accordance with RSA 309-B:5, IX and New Hampshire Administrative Rule, Ac 302.03.

The petitioner requested that the Board stay its action and reconsider its decision for a variety of reasons, including that his experience complied with the definition of "public accounting experience" under Rule 101.15 and with RSA 309-B:5, IX. He asserted that "the requirement that public accounting experience must be based upon employment in a CPA firm under [Rule] 302.03 appears to be inconsistent with the definition of public accounting experience under [Rule] 101.15." The Board granted the petitioner's request for a stay, allowing him the opportunity to provide "proper and formal documentation from the Virginia Board of Accountancy that [BearingPoint, Inc.] was a public accounting firm in Virginia and was duly licensed to practice as such by the Virginia Board of Accountancy." The petitioner continued to maintain that his experience complied with Rule 101.15 and RSA 309-B:5, IX, and attached supporting documentation in a letter to the Board dated December 18, 2009.

By order dated January 19, 2010, the Board again denied the petitioner's application for a CPA certificate. It found that the petitioner's documentation established that he was employed by BearingPoint, Inc., a consulting firm which is not registered as a public accounting firm in Virginia. Accordingly, the Board ruled, in pertinent part, that because BearingPoint, Inc. was not registered as a public accounting firm in Virginia, the petitioner lacked the necessary public accounting experience; thus, his application did not comply with RSA 309-B:5, IX or Rule 302.03(b)(1). The petitioner appealed, and we accepted only the following issue for review: "Whether [Rule] 302.03 is inconsistent with RSA 309-B:5, IX."

■ This case is properly treated as a petition for a writ of certiorari because RSA chapter 309-B does not provide for judicial review of the Board's decision under RSA chapter 541. *See Petition of Hoyt*, 143 N.H. 533, 534 (1999); RSA 541:2 (2007) (appeal from administrative proceedings can be made under RSA chapter 541 only "[w]hen so authorized by law"). Thus, "[o]ur standard of review is whether the board acted illegally with

respect to jurisdiction, authority or observance of the law, whereby it arrived at a conclusion which cannot legally or reasonably be made, or abused its discretion or acted arbitrarily, unreasonably, or capriciously." *Petition of Poulicakos,* 160 N.H. 438, 441 (2010) (quotation omitted).

█ It is well settled that the legislature may delegate to administrative agencies the power to promulgate rules necessary for the proper execution of the laws. *Appeal of N.H. Dep't of Transportation,* 152 N.H. 565, 571 (2005). "The authority to promulgate rules and regulations is designed only to permit the board to fill in the details to effectuate the purpose of the statute." *Appeal of Anderson,* 147 N.H. 181, 183 (2001) (quotation omitted). "Thus, administrative rules may not add to, detract from, or modify the statute which they are intended to implement." *Id.*

The petitioner argues that the Board exceeded its rulemaking authority by promulgating Rule 302.03(b)(1). He contends that it modifies the experience requirement set forth in RSA 309-B:5, IX. He argues that the statute permits the experience requirement to be "satisfied under supervision of an individually licensed CPA," but the Rule requires that the experience be earned in a public accounting firm. According to the petitioner, "[t]he statute is plain on its face that the legislature's intent was not to require employment within a specific type of organization."

The State argues that Rule 302.03(b)(1) is consistent with the Board's authority to make rules that it deems "necessary or appropriate for implementing the provisions and purposes of this chapter," RSA 309-B:4, VIII(i) (2005), and to promulgate rules that specify the "experience qualifications required for all licensees," RSA 309-B:4, VIII(c) (2005). According to the State, while RSA 309-B:5, IX dictates the amount of time a CPA applicant must spend obtaining experience and the specific types of skills performed, the statute only partly identifies where the applicant must obtain this public accounting experience. It reasons that because RSA 309-B:5, IX requires an applicant to have "public accounting experience," it implicitly prescribes that the applicant must earn such experience in a licensed public accounting firm. Thus, the State contends, Rule 302.03(b)(1) merely states explicitly a requirement that is implicit in the statute itself.

To discern whether Rule 302.03(b)(1) constitutes a proper exercise of rule-making authority, we first look to the intended scope of the rule-making power granted by the legislature to the Board, and the purpose of the Accountancy Act of 1999. *See Appeal of N.H. Dep't of Transportation,* 152 N.H. at 571; *see also Kimball v. N.H. Bd. of Accountancy,* 118 N.H. 567, 569 (1978). In so doing, we review the plain language of the statute at issue,

RSA 309-B:5, IX, in the context of other statutes relevant to the Board's statutorily prescribed authority. *See Appeal of N.H. Dep't of Transportation,* 152 N.H. at 571.

The stated purpose of the Accountancy Act of 1999, RSA chapter 309-B, is:

> to promote the reliability of information that is used for guidance in financial transactions or for accounting for or assessing the financial status or performance of commercial, noncommercial, and governmental enterprises.

RSA 309-B:2 (2005). The Act as a whole regulates the practice of public accounting and comprises a certification or licensing system for that profession, including public accountants, CPAs and CPA firms. *See, e.g.,* RSA 309-B:3, I, III-a, VIII, XII (Supp. 2010) (definitions of "Attest," "Compilation," "License" and "Peer review"); RSA 309-B:7 (Supp. 2010) (issuance and renewal of CPA certificates); RSA 309-B:8 (Supp. 2010) (CPA firm permits to practice, attest experience and peer review); RSA 309-B:9 (2005) (public accountants and firms of public accountants). For example, the Act sets forth required qualifications for licensees, *see, e.g.,* RSA 309-B:5-:8 (Supp. 2010), and lists unlawful acts pertaining to the practice of public accounting, *see* RSA 309-B:14.

The legislature charged the Board with the "responsibility for the administration and enforcement of [RSA chapter 309-B]," RSA 309-B:4, I (2005). Expressing its intent that the Board implement the statutory purposes and directives set forth in the Act, the legislature also required the Board to adopt rules pursuant to RSA chapter 541-A "governing [the Board's] administration, the enforcement of [RSA chapter 309-B] and the conduct of licensees." RSA 309-B:4, VIII (2005). The Act identifies numerous specific areas in which the Board is to adopt rules, including "[r]ules specifying the educational and *experience qualifications required for all licensees,*" RSA 309-B:4, VIII(c) (emphasis added). The Board also is authorized to adopt "[s]uch other rules as the board may deem necessary or appropriate for implementing the provisions and purposes of this chapter." RSA 309-B:4, VIII(i).

Concerning the qualifications required for licensees, RSA 309-B:5, I, provides that "[t]he certificate of 'certified public accountant' shall be granted to persons of good character who meet the education, experience, and examination requirements of this section, who make application therefor pursuant to RSA 309-B:7, and who pay the fees prescribed by the board."

RSA 309-B:5 provides specific education, experience, and examination requirements that applicants must meet. *See* RSA 309-B:5, III (education);

RSA 309-B:5, IV-VIII (examination); RSA 309-B:5, IX-X (experience). At issue in this case is the experience requirement. The relevant section provides in part:

> The experience requirement shall consist of public accounting experience in providing one or more kinds of services involving the use of accounting or auditing skills, including the issuance of reports on financial statements, or one or more kinds of management advisory, financial advisory, or consulting services, or the preparation of tax returns or the furnishing of advice on tax matters, or the equivalent, all of which was under the direction of a licensee in any state in practice as a certified public accountant or as a public accountant, or in any state in employment as a staff accountant by a certified public accountant or anyone practicing public accounting, or a combination of either of such types of experience and for the following periods of time . . . .

RSA 309-B:5, IX.

The authority of the Board to adopt rules "is designed only to permit the [B]oard to fill in the details to effectuate the purpose of the statute." *Appeal of Anderson,* 147 N.H. at 183 (quotation omitted). To determine whether rules fill in details and do not impermissibly add to the statutory requirements, we look to the plain language of the statute considered as a whole. *See Suburban Realty, Inc. v. Albin,* 131 N.H. 689, 692 (1989). In order for the Board to adopt rules relating to the experience requirements of RSA 309-B:5, IX, the legislature must have left room in the requirement for the Board to "fill in the details."

The experience requirement in RSA 309-B:5, IX can best be understood as three separate substantive requirements: the type of service requirement; the supervisory requirement; and the time requirement. The type of service requirement provides that "[t]he experience requirement shall consist of public accounting experience in providing one or more kinds of services involving the use of accounting or auditing skills, *including* [certain specific services], *or the equivalent* . . . ." RSA 309-B:5, IX (emphasis added). The statute lists several examples of the kinds of services that qualify as public accounting experience. In adopting such open-ended language in the type of service requirement, the legislature left room for the Board to fill in the details with respect to this requirement.

By contrast, the second requirement provides that any public accounting experience must be under the supervision of a licensee. The requirement is explicit as to who qualifies to supervise an applicant: "a licensee in any state in practice as a certified public accountant or as a

public accountant, or in any state in employment as a staff accountant by a certified public accountant or anyone practicing public accounting, or a combination of either of such types of experience." The legislature used precise language that provides for only specific types of licensees who qualify to supervise an applicant. The language of the supervisory requirement does not leave any room for the Board to "fill in the details," as to who may supervise an applicant. Thus, any such rules would necessarily "add to, detract from, or modify" the requirement in violation of the Board's authority. *See Appeal of Anderson,* 147 N.H. at 183.

█ The Board's experience rule at issue in this case provides: "Pursuant to RSA 309-B:5, IX, each applicant submitting an application for initial certification as a CPA shall [have earned experience] . . . [i]n a public accounting firm that . . . [a]ctually practices public accounting; and . . . [i]s licensed by the jurisdiction in which the firm is located . . . ." N.H. ADMIN. RULES, Ac 302.03(b)(1)(a). There is no limitation under the statute that the applicant must have earned experience in a public accounting firm that actually practices public accounting and is licensed in the firm's jurisdiction. Yet the plain language of the rule imposes this additional requirement on all applicants for certification as a CPA. Whether this rule is viewed as an attempt to "fill in the details" to the supervisory requirement by limiting what the statute expressly permits, or as implementing a new substantive requirement, the result is the same. Because the Board may not "add to, detract from, or modify the statute which [the rule is] intended to implement," *Appeal of Anderson,* 147 N.H. at 183, Rule 302.03(b)(1)(a) is necessarily invalid.

*Reversed and remanded.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.