NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Compensation Appeals Board
No. 2014-0583

APPEAL OF RAYMOND COVER
(New Hampshire Compensation Appeals Board)

Argued: November 10, 2015
Opinion Issued: February 26, 2016

Shaheen & Gordon, P.A., of Nashua (Jared O'Connor on the brief and orally), for the petitioner.

Sulloway & Hollis, P.L.L.C., of Concord (Katherine DeForest on the brief, and David W. Johnston orally), for the respondent.

HICKS, J. The petitioner, Raymond Cover, appeals an order of the New Hampshire Compensation Appeals Board (board) denying his request for reinstatement to his former part-time position with the respondent, the New Hampshire Liquor Commission (Commission). The board based its denial upon New Hampshire Administrative Rules, Lab 504.05(b)(3), which states that part-time employees are ineligible for reinstatement under the Workers' Compensation Law. On appeal, Cover argues that Lab 504.05(b)(3) conflicts with RSA 281-A:25-a and is therefore invalid. See RSA 281-A:25-a (2010). We agree, and, accordingly, vacate the board's order and remand.

The board found, or the record supports, the following facts. Cover was a part-time employee of the Commission. In late May 2013, he sustained a

work-related injury.  The Commission sent him workers' compensation forms on June 5 and warned him that he faced termination if he did not provide medical documentation by June 14 to justify his absence from work.  On June 6, Cover gave the forms to his physician, who submitted them to the Commission on June 17, three days after the Commission's deadline.

Cover acknowledged that he did not submit any medical documentation to the Commission by June 14.  On June 13, the Commission's insurance carrier denied Cover's workers' compensation claim, stating that it had not received medical documentation concerning his injury.  On June 17, the Commission terminated Cover's employment.

Cover requested a hearing with the New Hampshire Department of Labor on June 27, which was granted.  At the hearing, Cover contested the denial of his workers' compensation claim and requested reinstatement.  The hearing officer found that Cover's injury was compensable, awarded diminished earning capacity rate benefits, and ordered that the carrier pay for his medical expenses.  However, the hearing officer denied Cover's request for reinstatement citing Lab 504.05[(b)(3)], which, the hearing officer stated, rendered part-time employees ineligible for reinstatement.

Cover appealed to the board, arguing that Lab 504.05(b)(3) is invalid because it conflicts with RSA 281-A:25-a.  The board affirmed the hearing officer's decision.  In its order, the board notes that the Commission terminated Cover for his failure to submit medical documentation by June 14, and states: "Pursuant to the Commission's policy the claimant was classified as a part-time employee.  [Lab 504.05(b)(3)] excludes part-time employees from eligibility for reinstatement.  Any remedy in this case is legislative or regulatory."  The order concludes by stating: "For the reasons given above the claimant is not entitled to be reinstated to his former part-time position."

Cover moved for rehearing, and the Commission objected.  In its objection, the Commission requested that the board affirm its conclusion that Cover was ineligible for reinstatement on two alternate grounds: Lab 504.05(b)(3) and Cover's termination.  In denying the motion, the board did not mention Cover's termination.  The board stated that "[a]ny inconsistency between [RSA 281-A:25-a] and administrative rule [Lab 504.05(b)(3)] constitutes an issue of statutory construction that is vested exclusively with the [New Hampshire] Supreme Court."  This appeal followed.

On appeal, Cover again raises the issue of Lab 504.05(b)(3)'s validity.  However, prior to oral argument, the Commission filed a supplemental memorandum of law in which it contested our subject matter jurisdiction over Cover's appeal.  We address the Commission's jurisdictional argument first.

2

"A challenge to subject matter jurisdiction may be raised at any time during the proceeding, including on appeal . . . ." Close v. Fisette, 146 N.H. 480, 483 (2001).  The Commission argues that RSA 541-A:24 creates the only mechanism by which Cover could have challenged the validity of Lab 504.05(b)(3): a declaratory judgment action in which the Department of Labor, the agency that promulgated Lab 504.05(b)(3), is joined as an opposing party.  See RSA 541-A:24 (2007).  Because Cover instead brought his challenge before the board, the Commission argues that his claim is therefore not properly before this court.

Addressing the Commission's argument requires that we interpret RSA 541-A:24.  "Statutory interpretation is a question of law, which we review de novo."  Petition of Malisos, 166 N.H. 726, 729 (2014).  In matters of statutory interpretation, "[w]e are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole."  Appeal of Wilson, 161 N.H. 659, 662 (2011).  "We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used."  Id.  "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014).  "We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result."  Id.  "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole."  Id.  "This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme."  Id.

RSA 541-A:24 describes a mechanism by which parties may challenge the validity of an agency rule:

> The validity or applicability of a rule may be determined in an action for declaratory judgment in the Merrimack county superior court if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.  The agency shall be made a party to the action.  A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

RSA 541-A:24 (emphasis added).  The Commission argues that "the word 'may' [in the statute] is meant to express a right . . . to challenge a rule's validity."  The Commission contends that "[i]f that right is exercised, then the action must be filed in the Merrimack county superior court, and it must name the agency that adopted the rule."  According to the Commission, this procedure is the only way that Cover could have challenged the validity of Lab 504.05(b)(3).  We disagree.

3

We take exception to the Commission's understanding of the word, "may," in RSA 541-A:24. The first two definitions of "may" in Black's Law Dictionary are "[t]o be permitted to" and "[t]o be a possibility." Black's Law Dictionary 1127 (10th ed. 2014). Moreover, in New Hampshire, it is a "general rule of statutory construction" that "may" is permissive, not mandatory. Appeal of Coos County Comm'rs, 166 N.H. 379, 386 (2014) (quotations omitted). Thus, contrary to the Commission's interpretation, the word "may" in the statute indicates that a declaratory judgment action is one possible mechanism by which Cover could have challenged Lab 504.05(b)(3)'s validity. See RSA 541-A:24. This interpretation is bolstered by the statute's final sentence, which states: "A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity . . . of the rule." Id. This sentence alludes to other mechanisms by which a party may challenge a rule's validity, which, as provided by the statute, will not prevent that party from filing a declaratory judgment action.

Moreover, the Commission's interpretation of RSA 541-A:24 is inconsistent with our case law. In prior cases, we have reviewed challenges to agency rules that the parties did not initially raise in declaratory judgment actions under RSA 541-A:24. In Petition of Mooney, 160 N.H. 607 (2010), the petitioner challenged the validity of a rule in a hearing before the New Hampshire Department of Safety that permitted the agency to require the petitioner to undergo additional alcohol dependency treatment before lifting the suspension of his driver's license. Mooney, 160 N.H. at 608. The Department of Safety determined that the rule was valid, the petitioner appealed to this court, and we affirmed. Id. at 609, 612.

In another case, Appeal of Wilson, 161 N.H. at 660-61, we reviewed a decision of the New Hampshire Board of Tax and Land Appeals denying the petitioners' requested tax abatement because they failed to sign an abatement application form as required by an agency rule. We affirmed, rejecting the petitioners' challenge to that rule's validity. Id. at 663, 665. We note that, in Appeal of Wilson, the respondent was not the agency that promulgated the abatement application rule, but the town that had denied the petitioners' requested abatement. Id. at 660. Thus, in Appeal of Wilson, we not only reviewed a challenge to a rule's validity in an action that did not involve a request for declaratory judgment, but did so without requiring that the petitioners join as a respondent the agency that promulgated the rule.

Finally, in Reno v. Hopkinton, 115 N.H. 706, 706-08 (1975), an action that did not involve a request for declaratory judgment, we held a rule invalid even though the promulgating agency was neither a party to the petitioner's action nor the body that adjudicated the petitioner's challenge in the first instance. These cases show that, apart from a declaratory judgment action under RSA 541-A:24, we have recognized at least one other mechanism by which a party may challenge the validity of an agency rule: the party may

challenge a rule in an administrative proceeding subject to our appellate review. Finding nothing in the text of RSA 541-A:24 or our case law to support the Commission's argument that a declaratory judgment action was the only way that Cover could have contested the validity of Lab 504.05(b)(3), we reject the Commission's argument that we lack subject matter jurisdiction over Cover's appeal.

The Commission also argues that we need not reach the issue of the rule's validity because the board determined that Cover was ineligible for reinstatement on alternate grounds. Specifically, the Commission points to language in the board's order concerning Cover's termination for "fail[ure] to comply with the attendance policy applicable to all [Commission] employees." Cover does not deny that he failed to provide medical documentation to the Commission by the June 14 deadline. He, instead, argues that the board did not deny his request for reinstatement on the basis of his termination. Rather, he argues, it is "clear from reviewing the [b]oard's decision that the decisive issue [was] the question of law," that is, the validity of Lab 504.05(b)(3).

To resolve this issue, we look to the board's two orders: the first denying reinstatement and the second denying Cover's motion for rehearing. The board's first order mentions Cover's termination for his failure to submit his paperwork on time, but it does not explicitly find that the termination rendered Cover ineligible for reinstatement. Instead, the board concludes its order by emphasizing Cover's part-time status and pointing to the rule, which the board found, renders part-time employees ineligible for reinstatement. The board then states that "[a]ny remedy in this case is legislative or regulatory," which supports Cover's argument that the board based its denial of reinstatement on regulatory grounds, rather than on his termination.

The board's order denying Cover's motion for rehearing provides further support for the conclusion that the rule was the basis for the board's refusal to order his reinstatement. In its objection to Cover's reconsideration motion, the Commission requested that the board "[a]ffirm its conclusion that [Cover] is not entitled to reinstatement on two grounds," Lab 504.05(b)(3) and Cover's termination. In denying the motion, however, the board's order refers only to the rule, stating that "[a]ny inconsistency between [RSA 281-A:25-a] and administrative rule [Lab 504.05(b)(3)] constitutes an issue of statutory construction that is vested exclusively with the [New Hampshire] Supreme Court." Because the board's orders show that it determined Cover's ineligibility for reinstatement on the basis of Lab 504.05(b)(3), we limit our review accordingly. Whether Cover's termination rendered him ineligible for reinstatement is a separate issue that we need not address in this appeal.

"We will overturn the [board's] decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the decision is unjust or unreasonable." Appeal of Dean Foods, 158 N.H. 467, 471 (2009); see

RSA 541:13 (2007). "The [board's] factual findings are prima facie lawful and reasonable." Appeal of Dean Foods, 158 N.H. at 471. As the appealing party, Cover bears the burden of proof. Id.

Cover's argument that the board erred in denying his request for reinstatement proceeds in three parts. First, he contends that the right of reinstatement in RSA 281-A:25-a extends to part-time employees. Then, he argues that, because Lab 504.05(b)(3) excludes "part[-]time employee[s] as defined by the employer's personnel policy" from RSA 281-A:25-a's right of reinstatement, the rule conflicts with the statute and is therefore invalid. (Quotation omitted.) Thus, Cover asks that we overturn the board's order denying reinstatement because the order rests upon an invalid agency rule.

"[T]he legislature may delegate to administrative agencies the power to promulgate rules necessary for the proper execution of the laws." Appeal of Mays, 161 N.H. 470, 473 (2011). However, "[t]he authority to promulgate rules and regulations is designed only to permit the [agency] to fill in the details to effectuate the purpose of the statute." Id. (quotation omitted). "Thus, administrative rules may not add to, detract from, or modify the statute which they are intended to implement." Id. (quotation omitted).

Addressing Cover's argument that RSA 281-A:25-a provides a right of reinstatement for part-time employees requires that we engage in statutory interpretation. See Appeal of Wilson, 161 N.H. at 662. In addition to our standard principles of statutory interpretation, "[w]e construe the Workers' Compensation Law liberally to give the broadest reasonable effect to its remedial purpose." Appeal of Phillips, 165 N.H. 226, 230 (2013). "Thus, when construing it, we resolve all reasonable doubts in favor of the injured worker." Id.

Our analysis of the statute's plain language in light of the overall scheme and remedial purpose of the Workers' Compensation Law leads us to conclude that the legislature intended to extend the right of reinstatement to part-time employees. RSA 281-A:25-a, I, sets forth the right of reinstatement for "employee[s]":

> An employee of an employer who employs 5 or more employees, who has sustained an injury, shall be reinstated by the employer to the employee's former position of employment upon request for such reinstatement, if the position exists and is available and the employee is not disabled from performing the duties of such position, with reasonable accommodations for the employee's limitations.

RSA 281-A:25-a, I. The "Definitions" section of the Workers' Compensation Law provides, in pertinent part, that "[e]mployee, with respect to public

6

employment," means "[a]ny person in the service of an employer . . . under any express or implied voluntary contract of hire."  RSA 281-A:2, VII(a)(1) (2010) (quotation omitted).  RSA 281-A:25-a, II(b) lists three categories of employees who are not eligible for reinstatement:

>          (1) An employee hired on a temporary basis as a replacement for an injured employee.

>          (2) An employee whose employer employs 4 or fewer employees at the time of the employee's injury and at the time of the employee's demand for reinstatement.

>          (3) An employee employed on a construction project, when the project is completed.

We conclude that the plain language of RSA 281-A:25-a supports Cover's argument that the right of reinstatement extends to part-time employees.  The statute states that "employee[s] . . . who [have] sustained an injury, shall be reinstated . . . upon request for such reinstatement."  The Law defines "employee" broadly as "[a]ny person in the service of an employer."  RSA 281-A:2, VII(a)(1).

Further, the list set forth in RSA 281-A:25-a, II(b) of employees ineligible for reinstatement does not include part-time employees.  Reading RSA 281-A:25-a, II(b) to exclude part-time workers from the right of reinstatement would contravene the "familiar axiom of statutory construction, expressio unius est exclusio alterius: Normally the expression of one thing in a statute implies the exclusion of another."  Appeal of Campaign for Ratepayers' Rights, 162 N.H. 245, 251 (2011) (quotation omitted).  Reading RSA 281-A:25-a to exclude part-time workers would require us to "add language [to RSA 281-A:25-a, II(b) that] the legislature did not see fit to include," which we decline to do.  Appeal of Wilson, 161 N.H. at 662.

Finally, we reiterate that, when construing the Workers' Compensation Law, we read it "liberally to give the broadest reasonable effect to its remedial purpose," and we "resolve all reasonable doubts in favor of the injured worker." Appeal of Phillips, 165 N.H. at 230.  Given that neither the "Definitions" section of the Workers' Compensation Law nor the text of RSA 281-A:25-a evinces an intent to exclude part-time workers from the right of reinstatement, we resolve any reasonable doubt about the scope of that right in Cover's favor.  We therefore conclude that the right to reinstatement in RSA 281-A:25-a extends to part-time employees.

Lab 504.05(b)(3) provides that an employer shall not be obligated to reinstate "[a] part[-]time employee as defined by the employer's personnel policy."  N.H. Admin. Rules, Lab 504.05(b)(3).  By stripping part-time

employees of the right to reinstatement provided by RSA 281-A:25-a, the rule cannot be characterized as a rule that merely "fill[s] in the details to effectuate the purpose of the statute." <u>Appeal of Mays</u>, 161 N.H. at 473. Rather, the rule impermissibly modifies the statute and is therefore invalid. <u>See</u> <u>id</u>. Thus, we vacate the board's order and remand for further proceedings consistent with this opinion.

<u>Vacated and remanded</u>.

DALIANIS, C.J., and CONBOY and BASSETT, JJ., concurred.