# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0208, <u>Petition of Robert Avery</u>, the court on March 3, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the parties' oral arguments, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The petitioner, Robert Avery, seeks review, by way of a petition for writ of certiorari, of a Department of Employment Security (NHES) decision denying his Petition for Declaratory Judgment and Rulemaking (Rulemaking Petition), requesting the repeal of New Hampshire Administrative Rule, Emp 204.03 (Fee Approval Rule) or the adoption of his proposed alternative rule. For the reasons set forth below, we dismiss the petition.

The following facts are undisputed. In April 2020, in the midst of the COVID-19 public health emergency, the petitioner filed an initial claim for unemployment compensation with NHES. Thereafter, the petitioner filed multiple <u>pro</u> <u>se</u> appeals with NHES, first seeking federal unemployment compensation benefits, and then, after securing a decision in his favor, seeking retroactive payment of those benefits. Following a hearing, for which the petitioner retained counsel, NHES granted the petitioner retroactive payment of his benefits.

In February 2021, concurrent with these proceedings, the petitioner, through counsel, submitted a Rulemaking Petition to NHES. The petition requested, in part, that NHES repeal the existing Fee Approval Rule, which he claimed unconstitutionally interfered with an unemployment claimant's right to use his or her property as he or she sees fit in order to retain counsel. Specifically, the petitioner argued that the Fee Approval Rule in its current form discourages representation by providing that only after the conclusion of proceedings shall the Commissioner "approve a fee in a reasonable amount." <u>N.H. Admin. R.</u>, Emp 204.03. The petitioner also proposed the adoption of an alternative rule "that encourages rather than limits representation by a qualified attorney." (Bolding and capitalization omitted). Pursuant to his rule proposal, an attorney could be paid before the conclusion of representation and the "legal fees agreed to in writing by an unemployment claimant [would be] <u>prima</u> <u>facie</u> reasonable."

In March 2022, the NHES Commissioner issued a decision responding to the petitioner's Rulemaking Petition. The Commissioner quoted <u>Griffin v. New</u>

Hampshire Department of Employment Security, 117 N.H. 108, 113 (1977), for the proposition that the purpose of the enabling statute, RSA 282-A:158 (2010), is to protect "claimant's benefits from exorbitant fees of his own counsel." He then determined that the Fee Approval Rule is designed to serve that purpose. Further, the Commissioner found that the petitioner's proposed rule "would render RSA 282-A:158 meaningless and reduce the Commissioner's approval of fees as required by such statute to a mere rubber stamp." Accordingly, the Commissioner denied the petitioner's request to repeal the existing rule and to adopt his proposed rule change as contrary to both public policy and the legislative intent of RSA 282-A:158. This petition for writ of certiorari followed.

As a threshold matter, NHES argues that we should dismiss the petition because certiorari review is not appropriate for the petitioner's claim. NHES argues that the petitioner should bring his claim as an action for declaratory judgment in the superior court pursuant to RSA 541-A:24 (2021). We agree. RSA 541-A:24, titled, "Declaratory Judgment on Validity or Applicability of Rules," provides in relevant part:

> The validity or applicability of a rule may be determined in an action for declaratory judgment in the Merrimack county superior court if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.

The petitioner does not dispute that an action for declaratory judgment in superior court is available. Rather, he argues that certiorari is appropriate because "there is no provision for requesting a rehearing on the denial of a rulemaking petition on which no hearing was conducted, nor a statutory mechanism for appealing the same." We agree that RSA 541-A:4 (2021), the relevant administrative rules, and the appellate procedures set forth in RSA chapter 282 provide no statutory right to a direct appeal from an administrative agency's denial of a rulemaking petition.[1] See RSA 541-A:4 (providing for the filing of rulemaking petitions with an administrative agency); RSA 282-A:42-68 (2010) (referring to appeals relating to a claim for determination of benefits); N.H. Admin. R., Emp 208.01.

Nevertheless, the petition for writ of certiorari challenges only the validity of the Fee Approval Rule, "in the form approved by the [Commissioner]," and

---

[1] We also note that, because no statutory right to an appeal exists, we reject the petitioner's argument that Appeal of Cover is analogous. See Appeal of Cover, 168 N.H. 614, 619 (2016) (holding that the plaintiff was not required to first file a declaratory judgment action pursuant to RSA 541-A:24 because the plaintiff had a statutory right to appeal the decision of the Compensation Appeals Board denying his interpretation of an agency rule). Moreover, nothing in Appeal of Cover addressed when certiorari review is appropriate, and the petitioner's reliance upon that case to establish jurisdiction in this instance is misplaced.

seeks a ruling that the rule is either unconstitutional or contrary to statutory intent. Each argument and request for relief sought by the petitioner can also be addressed by the superior court in an action for declaratory judgment pursuant to RSA 541-A:24. Indeed, the plain language of the statute provides that a "declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question." RSA 541-A:24. As a result, the petitioner's challenge to the rule in an administrative action did not foreclose his ability to subsequently seek the same relief in an action for declaratory judgment under the statute. Accordingly, we conclude that the legislature has provided the petitioner with other procedures to challenge the validity of the Fee Approval Rule in superior court and to obtain his requested relief.

Certiorari is an extraordinary remedy. It "is granted sparingly and only when the substantial ends of justice require such action, <u>and ordinarily not when other procedures are available</u>." <u>Gallo v. Century Broadcasting</u>, 114 N.H. 810, 812 (1974) (emphasis added). "It is familiar law, frequently reiterated, that certiorari will not be granted where an adequate remedy is available on appeal." <u>Exeter & Hampton Electric Co. v. Public Utilities Commission</u>, 108 N.H. 358, 359 (1967) (quotation omitted). Moreover, this court has granted certiorari review from an agency decision when those decisions were otherwise insulated from judicial review. <u>Cf</u>. <u>Petition of Whitman Operating Co.</u>, 174 N.H. 453, 459 (2021) (concluding that certiorari review was available "because, otherwise, the Office for Emergency Relief's decision would be unreviewable"). In this instance, however, RSA chapter 541-A provides a well-ordered and well-articulated scheme for review of an agency's denial of a rulemaking petition in superior court. <u>See</u> <u>Nashua v. Public Utilities Commission</u>, 101 N.H. 503, 506-07 (1959) (holding that when "ample relief" is provided in the context of "a well-ordered and well-articulated scheme" set forth by statute, certiorari review is inappropriate). Because adequate alternative means to challenge the validity of the Fee Approval Rule exist, we conclude that granting certiorari in this case would be inappropriate. We therefore decline to address the merits of the petitioner's arguments and dismiss the petition for writ of certiorari without prejudice to the initiation of an action in the superior court. In addition, the petitioner may, of course, raise his policy concerns with the legislature.

<u>Petition dismissed</u>.


MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3