434

Strafford,
No. 4241.

JOSEPH ALLISON & a. v. BROWN & HORSCH INSULATION CO., INC. & a.

Argued December 1, 1953.

Decided January 29, 1954.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the plaintiffs, Allison, Jewett and Allicon.

*John DeCourcy* (by brief and orally), for the plaintiff Hanna.

*Charles F. Hartnett* (by brief and orally), for the defendant.

KENISON, C. J.   One of the principal issues in these cases is whether drinking by the plaintiffs constitutes a bar to compensation under the intoxication provision of the Workmen's Compensation Law.   The governing provisions (Laws 1947, c. 266, s. 13) are as follows: "EMPLOYEE'S FAULT.   The employer shall not be liable for any injury to a workman which is caused in whole or in part by the intoxication, or serious and wilful misconduct of the workman.   The provisions as to intoxication shall not apply, however, if the employer knew that the employee was intoxicated."

The plain wording of section 13 makes intoxication a defense if the "injury to a workman" is caused in whole or in part by the intoxication "of the workman."   The right of the workman to recover compensation for his injury is determined by his own conduct and not by the conduct of his fellow workmen.   It is not necessary that intoxication be the sole cause of the injury but there must be a causal relationship between the claimant's intoxication and his resulting injury to constitute a defense under the Workmen's Compensation Law.   See *Bolduc* v. *Company*, 97 N. H. 360.   The statute clearly contemplates that the "injury to a workman" be "caused in whole or in part" by his *own* intoxication.   *Connor Company* v. *Industrial Commission*, 374 Ill. 105; *England* v. *Fairview School District*, 58 Idaho 633.   The master so interpreted the statute and we believe correctly according to its literal terms and consistent with its evident purpose.   To rule otherwise we would have to disregard the language of the statute, employ a doctrine of implied fault and hold that the misconduct of the driver is to be imputed to the passenger workmen.   In this state the doctrine of imputed negligence has been limited and not

extended. *Clough* v. *Schwartz,* 94 N. H. 138, 140. It has no application to this case.

It is not seriously disputed that the foreman-driver of the defendant's truck was under the influence of liquor and an examination of the record shows this was the proximate cause of the accident. He was in charge of the crew and in sole charge of the operation of the truck. The master found that the plaintiffs were not intoxicated and that their drinking did not contribute to their injuries and the record supports his findings. *Martin* v. *Biddeford,* 138 Me. 26, 29. Intoxication of the foreman-driver was not intoxication of his fellow workmen who were passengers. Vicarious intoxication is not a defense under section 13 of the Workmen's Compensation Law. 4 NACCA Law Journal 27-29. The defendant had the burden of proof on the defense of intoxication and it was not met on the facts of this case. *Birch* v. *Malvern Cold Storage Co.,* 230 Iowa 357; 6 Schneider, Workmen's Compensation (perm. *ed.*) s. 1588.

The second principal issue raised in these proceedings is the defendant's contention that the accident did not arise out of and in the course of the employment. For the purposes of this case we will assume, without deciding, that the plaintiffs were not acting in the course of their employment when they followed the foreman's orders and actions by (a) not proceeding to their place of work in Kittery, Maine, (b) visiting the residence of the prospective employee Tibbetts and (c) drinking while on duty. If the accident had occurred when these conditions existed, compensation would be denied as the master has indicated. However this deviation from the course of their employment was terminated when they were returning to the warehouse where it was customarily required that further work be completed before the end of the day. While they had previously deviated from their employment and violated company rules, they had resumed the course of their employment at the time of the accident. When the accident occurred they were in the same conveyance at approximately the same time and place they would have been had they returned from Kittery, Maine, in the normal course of their duties at that time. There was no dereliction on the part of the plaintiffs which contributed to the resulting injuries. It is well established that an employee's prohibited deviation while traveling to or from his work may be cured by a return to the usual traveled route. In this case the truck was on the direct and usual traveled route to the

warehouse and was at that time being used in the business of the employer. *Marriott* v. *National Mut. Cas. Co.*, 195 F. (2d) 462; *Parotto* v. *Standard Paving Co.*, 345 Ill. App. 486. Where the employee's deviation has ceased, ". . . with a completed personal errand put behind, and a business destination remaining to be reached, you have the clearest kind of coverage." 1 Larson, Workmen's Compensation, *s.* 19.25. Since the accident occurred during working hours while the employees were returning to their home base for further work for the employer, the accident arose in the course of employment. A collision of the truck with the tree was a "street risk" (*Katz* v. *Kadans & Co.*, 232 N. Y. 420) to which employees riding on the defendant's truck were constantly exposed and therefore arose out of the employment. *Irwin- Neisler & Co.* v. *Industrial Commission*, 346 Ill. 89.

The defendant urges that the plaintiffs' drinking in violation of company rules is serious and willful misconduct which bars compensation. If the drinking could have been found to be such misconduct, it was not causal of the injuries to the plaintiffs and does not preclude recovery. 1 Larson, Workmen's Compensation, *s.* 34.20; *Ginther* v. *J. P. Graham Transfer Co.*, 348 Pa. 60; *Weidt* v. *Brannan Motor Co.*, (Wyo.) 260 P. (2d) 757; *Hopwood* v. *Pittsburgh*, 152 Pa. Super. 398. If the plaintiffs were guilty of willful and serious misconduct before their return trip they were not so guilty at the time of the accident. See *Newell* v. *Moreau*, 94 N. H. 439. This conclusion is particularly fortified in the present case where the plaintiff passengers were injured as a result of the foreman's intoxication.

The defendant has taken many exceptions to the admission and exclusion of evidence and to the failure of the master to grant certain requested findings and rulings. Many of the requested findings were inconsistent with the general conclusions reached by the master and since the general conclusions were supported by the evidence, these requests were properly denied. *Chabot* v. *Shiner*, 95 N. H. 252. Other requests for specific findings, where the testimony was conflicting and where the master could properly make contrary findings, were properly denied. *Vallée* v. *Company*, 89 N. H. 285, 288; *Steinberg* v. *Steinberg*, 95 N. H. 461, 462. A detailed examination of the record discloses no errors in rulings made or denied, and no finding has been made that is not supported in the record. Consequently the defendant's exceptions to the trial procedure must be overruled. *Walter* v.

*Hagianis,* 97 N. H. 314; *Bohan* v. *Company,* 98 N. H. 144.   In the case of the injured employees the verdicts are affirmed.   In the death case the lump sum verdict must be modified in accordance with the decision in *Diamond* v. *Employers' &c. Company,* 97 N. H. 510.

*Case discharged.*

All concurred.