Compensation Appeals Board
No. 2008-221

APPEAL OF GEORGE D. GAMAS
(New Hampshire Compensation Appeals Board)

Submitted: January 15, 2009
Opinion Issued: May 1, 2009

*William E. Aivalikles*, of Nashua, by brief, for the petitioner.

*Getman, Stacey, Schulthess & Steere, P.A.*, of Bedford (*Laurence W. Getman* and *Tracy L. McGraw* on the brief), for the respondent.

BRODERICK, C.J. The petitioner, George D. Gamas, appeals a decision of the New Hampshire Compensation Appeals Board (CAB) denying him recovery under the Workers' Compensation Law. *See* RSA ch. 281-A (1999 & Supp. 2008). The CAB ruled that Gamas was not entitled to benefits for his asbestos-related lung condition because he had failed to timely notify the respondent, Anheuser-Busch, Inc., of his occupational disease pursuant to RSA 281-A:19. We reverse and remand.

The CAB found or the record supports the following facts. Gamas worked as a laborer for Anheuser-Busch at its Merrimack brewery from

1976 to 2001, although he was out of work for many years in the 1980s as a result of a back injury. In September 2006, Gamas filed a Notice of Accidental Injury or Occupational Disease (form 8aWCA) with his former employer claiming that he suffered from asbestosis causally related to his prior employment. Specifically, he asserted that on November 2, 2000, he "was diagnosed with asbestiosis [*sic*]" and that he "was exposed to asbestos while working for Anheuser-Busch." Anheuser-Busch's occupational nurse completed an Employer's First Report of Occupational Injury or Disease form one week later, in late September 2006. Anheuser-Busch's insurance carrier subsequently denied the claim on several grounds, including untimely and improper notice of injury. The carrier requested a hearing before the department of labor on the issue of untimely and improper notice of injury by an employee pursuant to RSA 281-A:19 and :20.

Prior to the hearing, Anheuser-Busch filed a motion to dismiss, arguing that Gamas' claim was barred due to his failure to give timely and proper notice of his injury. The motion was granted, and Gamas appealed to the CAB. The CAB found Gamas' testimony regarding when he first knew that he was suffering from an asbestos-related condition to be "confused and confusing." Gamas testified that until May 2005, he had received unclear diagnoses from his physicians about his respiratory complaints and that it was not clear to him that his problems were related to asbestos exposure at the brewery.

Between 2000 and 2004, Gamas saw several physicians and had several chest X-rays taken. Some of his doctors noted in their reports that he had been exposed to asbestos at work and that the damage to his lungs was possibly or probably asbestos-related, though no physician unequivocally concluded that to be the case. Some of Gamas' medical reports mentioned other possible causes for his lung ailments, including smoking, fume exposure or dust.

Gamas first received treatment for asbestosis in 2004 after an evaluation of his respiratory problems by the Massachusetts General Hospital Pulmonary and Critical Care Unit. In a letter dated May 23, 2004, Dr. Robert J. McCunney wrote to Gamas, stating that he had "suffered from asbestos exposure in the form of pleural plaques [on his lungs] that . . . resulted in some impairment in [his] pulmonary function."

On August 23, 2004, Gamas was deposed by an attorney from the law firm representing Anheuser-Busch in a civil suit in the United States District Court for the District of New Hampshire. Roland Vance, Anheuser-Busch's environmental, health, safety and security resident manager, was present. In his deposition, Gamas stated: "Since I got exposed to asbestos at the brewery, chemicals and fumes, I got [a] lung problem."

After considering all the evidence, the CAB concluded that Gamas knew or should have known of his claimed lung condition and its relationship to his employment at Anheuser-Busch by May 23, 2004. The CAB ruled that Gamas' claim was barred because it had not been filed within two years of that date as required by RSA 281-A:19. It also found that Gamas failed to prove that Anheuser-Busch had actual notice of his condition and its possible relation to his employment. This appeal followed.

On appeal, Gamas argues that: (1) regardless of whether his notice of injury was filed within the two-year statute of limitations, Anheuser-Busch had actual and timely notice of his injury, and, therefore, his claim should not be barred; (2) Anheuser-Busch is estopped from arguing untimely and improper notice because it knew of his asbestos-related injury and had a duty to report it but failed to do so; (3) because he had conflicting diagnoses from his doctors, he could not reasonably have known of his asbestosis and its relation to his employment until October 5, 2006, and thus his notice was timely filed; and (4) the CAB's decision was unjust or unreasonable.

"[A]ll findings of the [CAB] upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." RSA 541:13 (2007). Although we review the CAB's findings of fact pursuant to this deferential standard, we review its statutory interpretation *de novo*. *Appeal of Jenks*, 158 N.H. 174, 177 (2008). On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Id.* The nature and extent of compensation is governed by the express statutory language and that which can be fairly implied therefrom. *Id.* at 180. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* at 177. We construe liberally the Workers' Compensation Law in order to give the broadest reasonable effect to its remedial purpose. Thus, when construing the statute, we resolve all reasonable doubts in favor of the injured worker. *Appeal of Cote*, 139 N.H. 575, 578 (1995).

█ Under the current statutory scheme, "[c]laims for [workers' compensation] benefits . . . shall be barred unless notice of injury is given to the employer within 2 years from the date of the injury." RSA 281-A:19. When an employee does not immediately know that he has been injured, or does not know that his injury was related to his employment, the two-year time limit for notice of injury does not begin to run until "[t]he date the employee knows, or by reasonable diligence should know, of the nature of the injury

and its possible relationship to the employment." RSA 281-A:19, I. Assuming timely notice is given to the employer, an employee must file a compensation claim within three years from the date of injury. RSA 281-A:21-a. Again, if an employee does not realize he has been injured or that his injury is work-related, the three-year limit does not begin to run until "the employee knows, or by reasonable diligence should know, of the nature of the injury and its possible relationship to the employment." *Id.* When read together, RSA 281-A:21-a and RSA 281-A:19 provide that even if an employee filed his claim for benefits within three years of the injury, his claim could be barred if he failed to notify his employer of his injury within two years of its occurrence or within two years from when he knew or reasonably should have known that he was injured and that his injury may have been related to his employment.

RSA 281-A:20 is entitled "Contents of Notice." It provides: "Notice of injury in writing on a form prescribed by the commissioner shall apprise the employer of the injury and shall state the name and address of the worker injured and the date and place of the accident." RSA 281-A:20. Although this statutory provision uses the word "shall," its sentence structure does not unequivocally mandate that written notice on a form prescribed by the commissioner is the sole means of acceptable notice.

■ On its face, RSA 281-A:19 neither mandates written notice of injury nor expressly excludes actual notice. It simply requires that the employee provide "notice" to the employer within prescribed time limits. However, when read in conjunction with RSA 281-A:20, our Workers' Compensation Law might reasonably be construed to mandate that "[n]otice of injury" be "in writing on a form prescribed by the commissioner," and that it cannot be given in any other manner. On the other hand, RSA 281-A:19 and :20 might also reasonably be interpreted to mean that *if* written notice is provided to the employer on a form prescribed by the commissioner, that notice "shall apprise the employer of the injury and shall state the name and address of the worker injured and the date and place of the accident." RSA 281-A:20. Since there is more than one reasonable interpretation of these statutory provisions, we conclude that the statute is ambiguous, and we look to legislative history to aid our analysis. *See Appeal of Malouin*, 155 N.H. 545, 550 (2007). In doing so, however, "we are mindful that we construe provisions of the Workers' Compensation Law liberally, resolving all reasonable doubts . . . in favor of the injured employee." *Appeal of Ann Miles Builder*, 150 N.H. 315, 319 (2003) (quotation omitted).

Prior to 1983, the Workers' Compensation Law explicitly allowed for actual notice in some circumstances. *See Bowlan Lumber Co. v. Lemire*, 120 N.H. 465, 469 (1980). RSA 281:17 (1977) (repealed 1983) provided, in relevant part: "No want, defect or inaccuracy of a notice [of injury] shall be

a bar to the maintenance of proceedings unless the employer proves that he is prejudiced by such want, defect or inaccuracy." The legislature eliminated this provision from the Workers' Compensation Law in 1983. However, when RSA 281:17 was repealed, there was no provision in the law pertaining to "Contents of Notice" referring to "[n]otice . . . in writing" as there is today. *See* RSA 281-A:20. This provision was introduced as part of several amendments to the Workers' Compensation Law in 1988. *See* N.H.H.R. BILLS, HB 12 (1988). When the legislature enacted the 1988 amendments, it stated that it was not changing the meaning or substance of the law, but merely "clarif[ying]" and "correct[ing] grammatically" what was in the prior version. Laws 1988, 194:1, I-II. The legislative record is inconclusive on whether the legislature intended that written notice on a form prescribed by the commissioner be the exclusive means of notice for all subsequent workers' compensation claims.

■ Accordingly, we are left to speculate about whether actual notice of injury, previously allowed under RSA chapter 281, was eliminated by subsequent amendments. "As a matter of longstanding practice, we adopt a construction favorable to the claimant when statutory language is ambiguous." *Appeal of Hiscoe*, 147 N.H. 223, 230 (2001). We therefore hold that an employer's actual notice of an employee's injury is still sufficient lawful notice under RSA 281-A:19 and :20.

■ The record in this case reveals that Anheuser-Busch received timely actual notice of Gamas' injury. The CAB concluded that Gamas knew or should have known of his claimed lung condition and its relationship to his employment at Anheuser-Busch by May 23, 2004. Gamas gave a deposition just three months later, in August 2004, indicating that he suffered from an asbestos-related lung condition and that it was causally related to his employment. By his own admission, Vance, Anheuser-Busch's environmental, health, safety and security resident manager, was present at the deposition. At the hearing before the CAB, Vance conceded that he was "put on notice" of Gamas' asbestos claim. Accordingly, the CAB's factual finding that Anheuser-Busch did not have actual notice within the two-year time limit was contrary to the record and, therefore, unreasonable.

Because we hold that Anheuser-Busch had actual and timely notice of Gamas' injury, we need not address Gamas' remaining arguments. If the legislature intended that written notice on a form prescribed by the commissioner be the exclusive means of acceptable notice, it is of course free to amend the statute.

*Reversed and remanded.*

DALIANIS, J., concurred; BROCK, C.J., retired, specially assigned under RSA 490:3, concurred.