Compensation Appeals Board
No. 2011-683

APPEAL OF THOMAS PHILLIPS
(New Hampshire Compensation Appeals Board)

Argued: March 13, 2013
Opinion Issued: August 21, 2013

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Michael R. Mortimer* and *Emily G. Bolton* on the brief, and *Mr. Mortimer* orally), for Thomas Phillips.

*Bernard & Merrill, PLLC*, of Manchester (*Andrew A. Merrill* and *Gary S. Harding* on the brief, and *Mr. Merrill* orally), for State Farm Fire & Casualty Company.

BASSETT, J. The petitioner, Thomas Phillips, appeals a decision of the New Hampshire Compensation Appeals Board (CAB) denying him recovery under the Workers' Compensation Law. *See* RSA ch. 281-A (2010 & Supp. 2012). The CAB ruled that the petitioner was not entitled to benefits because he had failed to timely notify his employers, Norman and Diane Crocker, of his workers' compensation claim. *See* RSA 281-A:19 (2010). The CAB further ruled that the petitioner was not entitled to benefits because, unbeknownst to the Crockers, he was intoxicated at the time of his injury. *See* RSA 281-A:14 (2010). We affirm in part, reverse in part, vacate in part, and remand.

The CAB found or the record supports the following facts. In 2006, the petitioner and his wife lived in a trailer that they rented from the Crockers. As part of the lease agreement, the petitioner performed yard work and minor home repairs for the Crockers in exchange for a rent reduction. The Crockers lived on the abutting property.

On August 11, 2006, Mr. Crocker asked the petitioner to remove the branch of a tree that was growing near the Crockers' house. The next day, the petitioner fell from a ladder while cutting the branch with a chainsaw. No one witnessed the petitioner's fall. The petitioner's wife found him shortly after he fell, and she immediately summoned the Crockers. Mr. Crocker later stated that "it seem[ed] the branch snapped in half causing [the petitioner] to [lose] his balance and he fell." The petitioner was taken to the hospital, where it was determined that he had a blood alcohol content of approximately .27. As a result of the fall, the petitioner was rendered a quadriplegic.

Nearly three years later, on August 10, 2009, the petitioner filed a claim for workers' compensation benefits, identifying the Crockers as his employer. The Crockers were insured under a homeowner's insurance policy issued by State Farm Fire and Casualty Company (State Farm) that included workers' compensation coverage for domestic employees. *See* RSA 281-A:6 (2010) (requiring all insurance companies that provide homeowner's insurance to provide workers' compensation insurance covering the domestic employees of the insured, unless the insured has arranged for such coverage elsewhere). On August 24, State Farm denied the petitioner workers' compensation benefits on the grounds that: (1) there was no employer-employee relationship; (2) the petitioner's injury was not causally related to employment; (3) the petitioner was at fault for his injury; and (4) the petitioner's notice of injury to the Crockers was untimely. Thereafter, the petitioner requested a hearing with the New Hampshire Department of Labor (DOL). The DOL Hearing Officer determined that the petitioner was entitled to workers' compensation benefits. State Farm appealed to the CAB.

After a *de novo* hearing, the CAB determined that the petitioner was an employee of the Crockers at the time of his injury. However, the CAB denied the petitioner's claim, finding that his claim was barred pursuant to RSA 281-A:19 and RSA 281-A:20 (2010) because he failed to provide timely notice of his injury to the Crockers. The CAB further found that the petitioner was intoxicated at the time of the injury. Because the CAB also found that the Crockers did not know that he was intoxicated when he fell, it determined that they were not liable for workers' compensation payments. *See* RSA 281-A:14. The petitioner's motion for reconsideration was denied, and this appeal followed.

The petitioner makes two arguments on appeal. First, he argues that, because the Crockers had actual, timely notice of his injury, the CAB erred in ruling that his claim was barred under RSA 281-A:19 and RSA 281-A:20. The petitioner next argues that the CAB erred in applying RSA 281-A:14 to bar his claim. We address each argument in turn.

*I. Standard of Review*

Our standard of review is set forth by statute:

> [A]ll findings of the [CAB] upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable.

RSA 541:13 (2007). Thus, we review the factual findings of the CAB deferentially. *Appeal of N.H. Dep't of Corrections*, 162 N.H. 750, 753 (2011). We review its statutory interpretation *de novo. Id.*

■ On questions of statutory interpretation, we are the final arbiters of the intent of the legislature as expressed in the words of a statute considered as a whole. *Id.* We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Appeal of Gamas*, 158 N.H. 646, 648 (2009). We construe the Workers' Compensation Law liberally to give the broadest reasonable effect to its remedial purpose. *Id.* Thus, when construing it, we resolve all reasonable doubts in favor of the injured worker. *Id.*

## II. Notice

The petitioner first argues that the CAB erred when it found that he did not provide the Crockers with timely notice of his injury and, therefore, that his claim was barred. He maintains that the CAB misinterpreted *Appeal of Gamas* when it ruled that actual notice of injury was not sufficient because the Crockers did not have expertise in the field of workers' compensation law to know when an injury triggers obligations under the Workers' Compensation Law. He argues that *Appeal of Gamas* "requires only that the employer have knowledge of the injury and its causal relationship to the employment" and that, here, those requirements were satisfied.

State Farm disagrees, and argues that an employer's obligations under the Workers' Compensation Law should be treated differently when, as here, workers' compensation coverage is required under RSA 281-A:6. Specifically, State Farm maintains that "[t]he relative level of sophistication between a typical employer and homeowners who happen to employ 'domestic labor' and have workers' compensation coverage under [section] 6, must be taken into account." Thus, it contends that the CAB properly distinguished the experienced and knowledgeable employer in *Appeal of Gamas* from the Crockers, homeowners who do not have experience with workers' compensation matters.

■ We begin by reviewing *Appeal of Gamas*. In that case, we addressed whether an employee's actual notice of injury to an employer is sufficient notice under our Workers' Compensation Law. *Appeal of Gamas*, 158 N.H. at 648-50. Under RSA 281-A:19, "[c]laims for [workers' compensation] benefits . . . shall be barred unless notice of injury is given to the employer within 2 years from the date of the injury." RSA 281-A:20, entitled

"Contents of Notice," provides that "[n]otice of injury in writing on a form prescribed by the commissioner shall apprise the employer of the injury and shall state the name and address of the worker injured and the date and place of the accident." Based upon our review of these statutory provisions, we determined that they are susceptible to more than one reasonable interpretation, and, therefore, we examined legislative history. *Appeal of Gamas*, 158 N.H. at 649. We found that the legislative record is inconclusive as to whether the legislature intended written notice on a form prescribed by the commissioner to be the exclusive means of notice. *Id.* at 650. Accordingly, because "we adopt a construction favorable to the claimant when statutory language is ambiguous," we held that "an employer's actual notice of an employee's injury is . . . sufficient lawful notice under RSA 281-A:19 and :20." *Id.* at 650 (quotation omitted).

█ Here, the CAB distinguished *Appeal of Gamas* on the ground that, in that case, the employee submitted notice of his injury to the employer's environmental, health, safety, and security manager, who the CAB characterized as "a professional in the field," whereas in this case, "[t]he Crockers had no such expertise and therefore [could] not be bound by the same level of 'should have known' as a professional in industrial safety." Our decision in *Appeal of Gamas*, however, did not rest upon the level of expertise of the employer or upon the fact that, once notified, the employer "should have known" that the petitioner was potentially entitled to workers' compensation benefits. *Id.* at 649-50. We find nothing in the language of RSA 281-A:19 or :20 to support State Farm's argument that the legislature intended to impose different notice requirements based upon the relative level of sophistication of a "typical employer" and a homeowner who employs "domestic labor." Thus, we conclude that the CAB misapplied *Appeal of Gamas* to the petitioner's claim.

██ State Farm argues that, under RSA 281-A:20, the petitioner was required to give notice of injury in writing on a form prescribed by the commissioner, and, to the extent we ruled otherwise in *Appeal of Gamas*, that decision should be overruled. "The doctrine of stare decisis demands respect in a society governed by the rule of law, for when governing legal standards are open to revision in every case, deciding cases becomes a mere exercise of judicial will with arbitrary and unpredictable results." *Ford v. N.H. Dep't. of Transp.*, 163 N.H. 284, 290 (2012) (quotation omitted). "When asked to reconsider a holding, the question is not whether we would decide the issue differently *de novo*, but whether the ruling has come to be seen so clearly as error that its enforcement was for that very reason doomed." *Id.* (quotation and brackets omitted). Generally, we will overrule a prior decision only after considering:

(1) whether the rule has proven to be intolerable simply by defying practical workability; (2) whether the rule is subject to a kind of reliance that would lend a special hardship to the consequence of overruling; (3) whether related principles of law have so far developed as to have left the old rule no more than a remnant of abandoned doctrine; and (4) whether facts have so changed, or come to be seen so differently, as to have robbed the old rule of significant application or justification.

*Maplevale Builders v. Town of Danville*, 165 N.H. 99, 105 (2013) (quotation omitted). State Farm has failed to brief any of the stare decisis factors.

■ Moreover, State Farm's sole argument as to why we should overrule *Appeal of Gamas* is that our holding was based upon an erroneous interpretation of the legislative history, and that, in fact, the legislative history establishes that notice in writing is required. We recognize that in *Appeal of Gamas* we misinterpreted a portion of the legislative history of the former Workers' Compensation Law. *See* RSA 281:18 (1977) (repealed and recodified at RSA 281-A:20 by Laws 1988, ch. 194:1, :2); *Appeal of Gamas*, 158 N.H. at 650. Nonetheless, we invited the legislature to amend the statute if, contrary to our holding, it had "intended that written notice on a form prescribed by the commissioner be the exclusive means of acceptable notice." *Appeal of Gamas*, 158 N.H. at 650. Significantly, it has been over four years since we issued our decision and the legislature has not seen fit to amend the statute. *Cf. New Hampshire Retail Grocers Ass'n v. State Tax Comm'n*, 113 N.H. 511, 514 (1973) (noting that it is a well-established principle of statutory construction that a longstanding practical and plausible interpretation given a statute of doubtful meaning by those responsible for its implementation without any interference by the legislature is evidence that the interpretation conforms to legislative intent). Thus, we assume that our holding conforms to legislative intent. We, therefore, reaffirm our holding in *Appeal of Gamas* that an employer's actual notice of an employee's injury is sufficient notice under RSA 281-A:19 and :20.

■ In this case, the record establishes that the Crockers received timely, actual notice of the petitioner's injury. As the CAB found, "[t]here is no doubt the Crockers had notice of [the petitioner's] fall and injuries[;] . . . they were called to his side immediately after his fall." Indeed, the Crockers acknowledged that, within one week of the petition-er's injury, they knew that the injury occurred while the petitioner was cutting a branch at their request.

■ Nevertheless, State Farm contends that the "[t]he fact that the Crockers had knowledge of the injury is insufficient to constitute 'actual notice' of a work related injury." It maintains that "actual notice" encompasses not only the knowledge that an injury occurred and that it was related to employment, but also knowledge by the employer that the injured person may claim entitlement to workers' compensation benefits. We find nothing in the language of RSA 281-A:19 or :20 to support the proposition that notice of injury to the employer must include notice of a potential claim for workers' compensation benefits.

Because we hold that the Crockers received sufficient notice within two years of the petitioner's injury, we reverse the CAB's ruling that the petitioner's claim was barred by RSA 281-A:18 and :20.

*III. Intoxication*

■ The petitioner next argues that the CAB erred in finding that RSA 281-A:14 bars his claim. RSA 281-A:14 provides, in pertinent part, that "[t]he employer shall not be liable for any injury to a worker which is caused in whole or in part by the intoxication . . . of the worker. The provision as to intoxication shall not apply, however, if the employer knew that the employee was intoxicated." This provision constitutes a defense to a claim for workers' compensation benefits, and, therefore, the employer bears the burden of proving that the worker's injury was caused in whole or in part by the worker's intoxication. *See Allison v. Company*, 98 N.H. 434, 438 (1954) (discussing same provision in former Workers' Compensation Law).

The petitioner does not dispute that he was intoxicated at the time of his injury. He argues, however, that the Crockers did not prove, nor· did the CAB find, that his intoxication caused his injury in whole or in part. State Farm agrees that the CAB's decision "does not explicitly state that [the petitioner's] intoxication was, in whole or in part, the cause of his injury," but contends that this conclusion is implicit in the CAB's decision "since the [CAB] could not have rendered its decision otherwise."

■ The plain wording of RSA 281-A:14 makes intoxication a defense if the "injury to a worker . . . is caused in whole or in part by the intoxication . . . of the worker." RSA 281-A:14; *see also Allison*, 98 N.H. at 438. It is not necessary that intoxication be the sole cause of the injury, but, to constitute a defense under the Worker's Compensation Law, there must be a causal relationship between the claimant's intoxication and his resulting injury. *Allison*, 98 N.H. at 438. Moreover, since this provision

constitutes a defense to a claim for workers' compensation benefits, it is the employer's burden to prove that the employee's intoxication caused the injury. *See id.* at 439.

Here, the CAB found that the petitioner "was intoxicated at the time of his injury," but failed to make a factual finding as to whether the petitioner's intoxication caused his injury. Indeed, even when the petitioner pointed out this omission in his motion for reconsideration, the CAB again failed to make a specific finding regarding causation. Rather, in both its original ruling and its order upon reconsideration, the CAB focused solely upon whether the petitioner was intoxicated at the time of his injury. Although we normally assume that the fact finder made all necessary subsidiary findings to support its decision, *cf. LLK Trust v. Town of Wolfeboro*, 159 N.H. 734, 737 (2010) (reviewing trial court decision), the CAB's failure to address the crucial issue of causation, even after the absence of a finding on the issue was specifically brought to its attention, raises the concern that the CAB may have erroneously believed that the petitioner's intoxication *alone* was enough to deny him benefits. Our concern on this score is heightened by the fact that there were no witnesses to the accident and that there was evidence the accident may have occurred as a result of the tree branch snapping while the petitioner was attempting to cut it. Because the factual question of whether the petitioner's injury was caused in whole or in part by his intoxication is for the CAB in the first instance, *see Appeal of Lalime*, 141 N.H. 534, 538 (1996), we vacate its ruling that RSA 281-A:14 applied to bar the petitioner's claim and remand for it to make factual findings regarding causation.

The petitioner also argues that the CAB erred in finding that the Crockers did not know that he was intoxicated at the time of his injury. Although the petitioner claims that the Crockers had actual knowledge of his intoxication, the substance of his argument is that the Crockers had constructive knowledge of his intoxication because they knew that he was an alcoholic and that he usually drank while working. He argues that this constructive knowledge serves to bar the application of RSA 281-A:14.

RSA 281-A:14 provides, in relevant part, that the defense of intoxication "shall not apply . . . if the employer knew that the employee was intoxicated." Nothing in the language of RSA 281-A:14 states that this defense is unavailable merely if the employer *should* have known that the employee was intoxicated. Nor does the language in the statute support the petitioner's contention that an employer's knowledge that an employee drinks often and to excess is sufficient to preclude the invocation of the intoxication defense. Rather, the statute's plain language provides that the defense of intoxication shall not be available if the employer *knew* that the

employee was intoxicated. The use of the phrase "knew that the employee was intoxicated" evinces the legislature's intent to bar the intoxication defense only if the employer knew that the employee was intoxicated *at the time of the injury*. Had the legislature intended that the defense of intoxication be barred also when an employer should have known of an employee's intoxication at the time of injury, it could have used language to that effect as it did elsewhere in RSA chapter 281-A. *See* RSA 281-A:19, I (providing exception to two-year statute of limitations so that two years will not "begin to run until the earlier of the following: . . . the employee knows, or by reasonable diligence should know, of the nature of the injury and its possible relationship to the employment"). We will not add language to the statute that the legislature did not see fit to include. *See Appeal of Gamas*, 158 N.H. at 648.

In reviewing the CAB's findings, "our task is not to determine whether we would have found differently than did the [CAB], or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record." *Appeal of Dean Foods*, 158 N.H. 467, 474 (2009) (quotation omitted). "The [CAB's] findings of fact will not be disturbed if they are supported by competent evidence in the record, upon which the [CAB's] decision reasonably could have been made." *Id.* (quotation omitted).

■ Here, the CAB relied upon the testimony of the petitioner and the Crockers to support its finding that the Crockers did not have actual knowledge that the petitioner was intoxicated at the time of his injury. The Crockers and the petitioner testified that their interaction on the day of the injury was brief. The Crockers testified that they came home from a party and saw the petitioner doing yard work as they were walking into their house. They said hello to the petitioner, and Mrs. Crocker wished him a happy anniversary. They testified that they did not see any alcohol containers in the vicinity, nor did they see the petitioner drinking or exhibiting signs that he was intoxicated. The Crockers went into their house and did not see the petitioner again until shortly after his fall. Thus, we conclude that there is competent evidence in the record to support the CAB's finding that the Crockers did not know the petitioner was intoxicated at the time of his injury.

In conclusion, we reverse the CAB's ruling that the petitioner's claim was barred under RSA 281-A:19 and :20. We affirm the CAB's finding that the Crockers were unaware that the petitioner was intoxicated at the time of his injury and hold, therefore, that the defense of intoxication is available

if causation is proved. We remand for the CAB to address, in the first instance, whether the petitioner's intoxication caused his injury.

*Affirmed in part; reversed in part; vacated in part and remanded.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.