NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Compensation Appeals Board
No. 2015-0342


APPEAL OF CARLOS MARTI
(New Hampshire Compensation Appeals Board)

Argued: February 10, 2016
Opinion Issued: June 28, 2016


Shaheen & Gordon, P.A., of Manchester (Jared O'Connor on the brief and orally), for the petitioner.


Hamblett & Kerrigan, PA, of Nashua (J. Daniel Marr and Andrew J. Piela on the brief, and Mr. Marr orally), for the respondent.

HICKS, J. The petitioner, Carlos Marti, appeals a decision of the New Hampshire Compensation Appeals Board (CAB) dismissing his claim for reinstatement to his employment with the respondent, Nashua Foundries, Inc. We vacate and remand.

The following facts were found by the CAB or appear in the record. The petitioner was hired by the respondent on October 8, 2013. On August 6, 2014, the petitioner injured his elbow at work. He informed the respondent's president of his injury, was given an over-the-counter medication, and returned to work. The petitioner's pain grew worse and, after approximately thirty minutes, he asked the president for permission to go to the local emergency room. The president refused the request, referring the petitioner

instead to an occupational health clinic pursuant to company policy and the collective bargaining agreement governing the petitioner's employment. That facility, however, would not open until three hours later. The petitioner informed the president that he intended to go to the emergency room immediately. The president responded that if the petitioner left work to go to the emergency room, rather than waiting to visit the occupational health clinic, it would constitute insubordination, and he would be fired. Under the collective bargaining agreement, the petitioner could be immediately terminated for insubordination.

Against the president's directive, the petitioner clocked out of work and went to the emergency room. He returned later with a doctor's note for a four-day work absence, but was instead terminated for insubordination. The petitioner did not grieve his termination under the collective bargaining agreement.

The respondent's workers' compensation insurer accepted the claim and paid the petitioner's medical bills. The petitioner requested a hearing on his claims for reinstatement and back pay. See RSA 281-A:25-a (2010). Following a hearing before a Department of Labor hearing officer, the petitioner's claim was denied. The petitioner appealed to the CAB.

Before the CAB, the respondent moved to dismiss for lack of jurisdiction. The CAB summarized the issue as follows: "The issue in this case is one of statutory construction. The question is whether the [CAB] has jurisdiction to rule on the issue of reinstatement of an injured claimant after he has been terminated and before he has requested the reinstatement." The CAB "repl[ied] in the negative" and granted the motion to dismiss. The petitioner's motion for rehearing was denied, and this appeal followed.

On appeal, the petitioner argues that the CAB's interpretation of RSA 281-A:25-a: (1) erroneously reads a continuous employment requirement into that statute, thereby undermining the statutory scheme; and (2) potentially leaves him without a remedy because he was required by RSA 281-A:8, III to choose between the remedies afforded under RSA chapter 281-A and those available under other statutes or the common law. See RSA 281-A:8, III (2010).

Our standard of review is established by statute:

[T]he burden of proof shall be upon the party seeking to set aside any order or decision of the [CAB] to show that the same is clearly unreasonable or unlawful, and all findings of the [CAB] upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law,

2

unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable.

RSA 541:13 (2007); RSA 281-A:43, I(c) (2010) ("Any party in interest aggrieved by any order or decision of the [CAB] may appeal to the supreme court pursuant to RSA 541."). "Thus, we review the factual findings of the CAB deferentially," and "its statutory interpretation de novo." Appeal of Phillips, 165 N.H. 226, 230 (2013).

The issues on appeal present questions of statutory interpretation. In such matters, "we are the final arbiters of the intent of the legislature as expressed in the words of a statute considered as a whole." Id.

We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. We construe the Workers' Compensation Law liberally to give the broadest reasonable effect to its remedial purpose. Thus, when construing it, we resolve all reasonable doubts in favor of the injured worker.

Id. (citations omitted).

The primary statutory provision at issue, RSA 281-A:25-a, provides in part:

An employee of an employer who employs 5 or more employees, who has sustained an injury, shall be reinstated by the employer to the employee's former position of employment upon request for such reinstatement, if the position exists and is available and the employee is not disabled from performing the duties of such position, with reasonable accommodations for the employee's limitations.

RSA 281-A:25-a, I.

The petitioner first argues that the CAB erroneously interpreted the term "employee" in this section to "impl[y] a continuous employment status pending the issuance of a medical release for return to unrestricted duty." The CAB concluded — again erroneously, according to the petitioner — that the respondent's firing of the petitioner "severed the employer-employee relationship" such that the petitioner "was no longer an 'employee' entitled to" the right of reinstatement under RSA 281-A:25-a." The petitioner argues that this interpretation of the term "employee" would "eviscerate the statute," leading to absurd results in other sections that use the term "employee." The

petitioner contends, for example, that terminated workers with compensable injuries would no longer be entitled to seek medical treatment pursuant to RSA 281-A:23 (Supp. 2015) or receive permanent impairment awards under RSA RSA 281-A:32 (2010), as those sections also apply only to employees.

We find this argument unpersuasive. The Workers' Compensation Law provides a definition for the term "'[e]mployee,' with respect to private employment" which, in relevant part, is "any person in the service of an employer subject to the provisions of this chapter under any express or implied, oral or written contract of hire." RSA 281-A:2, VI(a) (2010). RSA 281-A:2, also provides, however, that "[a]ny word or phrase defined in this section shall have the same meaning throughout RSA 281-A, <u>unless the context clearly requires otherwise</u>." RSA 281-A:2 (2010) (emphasis added). Thus, there is no danger of "eviscerat[ing] the statute" by construing the term "employee" in RSA 281-A:25-a in a manner that may not fit other provisions that use the term.

The petitioner next contends that "it must be recognized that the legislature explicitly included in the text of RSA 281-A:25-a only three ways in which the right terminates, and the firing of an employee is not among them." As the petitioner correctly notes, RSA 281-A:25-a, II provides:

Notwithstanding paragraph I of this section:

(a) The right to reinstatement to the employee's former position under this section terminates when any one of the following events occurs:

(1) A medical determination by the attending physician or finding by the commissioner that the employee cannot return to the former position of employment.

(2) The employee accepts employment with another employer.

(3) Eighteen months from the date of injury.

RSA 281-A:25-a, II.

We addressed a similar argument in <u>Appeal of Cover</u>, 168 N.H. ___, ___ (decided February 26, 2016). There, in determining whether RSA 281-A:25-a applies to part-time workers, we considered RSA 281-A:25-a, II(b), which "lists three categories of employees who are not eligible for reinstatement." <u>Appeal of Cover</u>, 168 N.H. at ___. The list did not include part-time employees. <u>See</u> <u>id</u>.; RSA 281-A:25-a, II(b). In holding that part-time employees are entitled to reinstatement under RSA 281-A:25-a, I, we reasoned:

4

Reading RSA 281-A:25(a), II(b) to exclude part-time workers from the right of reinstatement would contravene the familiar axiom of statutory construction, expressio unius est exclusio alterius: Normally the expression of one thing in a statute implies the exclusion of another. Reading RSA 281-A:25-a to exclude part-time workers would require us to add language to RSA 281-A:25(a), II(b) that the legislature did not see fit to include, which we decline to do.

Appeal of Cover, 168 N.H. ___, ___ (quotations, citation, and brackets omitted).

Here, by contrast, we need not add language to RSA 281-A:25-a, II(a) to determine whether the petitioner is entitled to request reinstatement after the respondent terminated his employment. Rather, we must interpret the term "employee" within the context of RSA 281-A:25-a, see RSA 281-A:2, and according to our rules of statutory construction.

We begin by considering the petitioner's proposed construction. Citing our standard of "constru[ing] the Workers' Compensation Law liberally to give the broadest reasonable effect to its remedial purpose," Appeal of Phillips, 165 N.H. at 230, the petitioner argues that "[a]n appropriately liberal reading of RSA 281-A:25-a is that the right of reinstatement only applies to individuals with compensable workers['] compensation injuries: persons who were 'in the service of an employer' at the time of their injury." An interpretation that broad, however, would certainly lead to absurd results, as the petitioner himself recognizes. He states:

> [A]lthough RSA 281-A:25-a is silent about the effect of a legitimate termination, [he] would concede that a termination for cause could independently cut off the right to reinstatement. If [he] had physically assaulted his employer during their discussion about his right to seek medical treatment, the employer would be justified in not reinstating him, legitimate work injury or no.

We can think of various other termination scenarios under which the legislature could not have intended the terminated worker to be entitled to reinstatement under RSA 281-A:25-a.

It is a "fundamental principle" of statutory construction "that whenever possible, a statute will not be construed so as to lead to absurd consequences. Thus, as between a reasonable and unreasonable meaning of the language used, the reasonable meaning is to be adopted." Petition of Poulicakos, 160 N.H. 438, 444 (2010) (quotations, citation, and ellipsis omitted). We therefore conclude that the term "employee" in RSA 281-A:25-a cannot be read to include a worker who has been legitimately terminated from employment for cause. RSA 281-A:25-a presents a "context [that] clearly requires" a narrower

definition of "employee" than that which may apply elsewhere in the workers' compensation statute.  RSA 281-A:2.

The respondent argues in favor of the CAB's ruling that, as the respondent characterizes it, "RSA 281-A:25-a only applies to employees, not former employees."  Citing RSA 281-A:8, III, the respondent asserts that, "[i]n drafting the workers['] compensation statute, the legislature clearly knew the difference between a current and a former employee."  RSA 281-A:8, III provides in relevant part: "Nothing in this chapter shall derogate from any rights a former employee may have under common law or other statute to recover damages for wrongful termination of, or constructive discharge from, employment."  RSA 281-A:8, III (emphasis added).  Invoking the rule that "where the legislature uses different language in related statutes, we assume that the legislature intended something different," State Employees Assoc. of N.H. v. N.H. Div. of Personnel, 158 N.H. 338, 345 (2009) (quotation omitted), the respondent argues that "[i]f the legislature intended to make RSA 281-A:25-a available to 'former' employees in addition to current employees, it would have stated as much in the statute."

Although we acknowledge the use of the term "former employee" in RSA 281-A:8, III, that term's interpretation is not directly before us and we decline to rule upon it.  We also decline to infer from its use that the legislature intended the term "employee" as used in RSA 281-A:25-a to mean only "current" employees.  Adopting such an interpretation of "employee" would seem to render superfluous another section of RSA 281-A:25-a: RSA 281-A:25-a, II, provides, in part, that "[t]he right to reinstatement to the employee's former position under this section terminates when . . . [t]he employee accepts employment with another employer."  If the term "employee" were construed, as the CAB ruled, to "impl[y] a continuous employment status pending the issuance of a medical release for return to unrestricted duty," RSA 281-A:25-a, II(a)(2) would be superfluous because a worker who has accepted employment with another employer would already not be entitled to reinstatement pursuant to RSA 281-A:25-a, I, because his "employee" status would have ceased when his employment with the first employer terminated.  Ordinarily, "[w]hen construing a statute, we . . . give effect to all words in a statute and presume that the legislature did not enact superfluous or redundant words." Winnacunnet Coop. Sch. Dist. v. Town of Seabrook, 148 N.H. 519, 525-26 (2002).

We note that our holding that a worker who is legitimately terminated from employment for cause is not an "employee" entitled to reinstatement pursuant to RSA 281-A:25-a, I, does not render RSA 281-A:25-a, II(a)(2) superfluous because, although the categories of workers who have been legitimately terminated by the employer for cause and workers who have accepted employment with another employer may overlap, they are not coextensive.  We leave it to the legislature to clarify these provisions, if it sees

6

fit, and, of course, the legislature is free to amend the statutes if it disagrees with our interpretation herein. See In the Matter of Conant & Faller, 167 N.H. 577, 581 (2015).

The petitioner contends that he was not legitimately terminated for cause and asserts that the CAB's order "may be reversed as a matter of law and the case remanded with instructions to reinstate" him given that the CAB "has already determined that [he] was terminated for seeking his own physician under [RSA 281-A:23, I]." The respondent, on the other hand, argues that the petitioner was legitimately terminated for insubordination under the terms of the collective bargaining agreement and that "the time parameters and method of challenging his employment termination were as set forth in the agreement." The respondent also correctly notes that RSA 281-A:25-a, I, provides that "[r]einstatement under this section shall be subject to the provisions for seniority rights and other employment restrictions contained in a valid collective bargaining agreement between the employer and a representative of the employer's employees." RSA 281-A:25-a, I.

The CAB found that the petitioner failed to challenge his termination by grieving it pursuant to the collective bargaining agreement. The respondent appears to contend that because the petitioner failed to grieve his termination, he cannot now challenge its legitimacy. If this were correct, the petitioner would be considered to have been legitimately terminated for cause, and, under our interpretation of the statute herein, would not be an "employee" eligible for reinstatement under RSA 281-A:25-a, I. We cannot determine, however, whether the petitioner's failure to grieve forecloses a challenge to his termination because the collective bargaining agreement is not contained in the record before us. Accordingly, we vacate and remand for a determination on that issue and for further proceedings, if necessary. In light of this disposition, we need not reach the parties' remaining arguments.

Vacated and remanded.

DALIANIS, C.J., and CONBOY and BASSETT, JJ., concurred.

7