NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Department of Safety
No. 2016-0667

APPEAL OF PATRICK A. ROLAND
(New Hampshire Department of Safety)

Argued: September 27, 2017
Opinion Issued: December 8, 2017

Gordon J. MacDonald, attorney general (Matthew T. Broadhead, assistant attorney general, on the brief and orally), for the New Hampshire Department of Safety.

Montshire Law, P.L.L.C., of Lebanon (Brad W. Wilder on the brief and orally), for the respondent.

BASSETT, J. The respondent, Patrick A. Roland, appeals the decision of the New Hampshire Department of Safety (Department) requiring the installation of an ignition interlock device in his vehicle as a condition of restoration of his driver's license. See RSA 265-A:36-a (2014) (amended 2017). We affirm.

The following facts appear in the record. On May 10, 2016, Roland pleaded guilty to misdemeanor "DWI [Driving While Intoxicated] First Offense (where second offense within 10 years is on record)." See RSA 265-A:2, :18, V (2014). The trial court revoked his driver's license for two years, retroactive to

April 2016, and stated that he "[s]hall not be eligible to seek reinstatement" of his license "sooner than 2 years." See RSA 265-A:18, V.

In July 2016, the Department issued a notice of hearing to review Roland's driving record and determine whether, pursuant to RSA 265-A:36-a, he would be required to install and maintain an ignition interlock device as a condition of his license restoration. See RSA 265-A:36-a. The notice provided that Roland could request a continuance of the hearing. The record does not demonstrate that he made such a request.

The Department held its hearing in August 2016. At that time, RSA 265-A:36-a stated:

> The commissioner of safety may require an administrative hearing prior to the restoration of the license or driving privilege of a person whose license or driving privilege was revoked or suspended as a result of a conviction of any offense under RSA 265-A:2 . . . and, upon a finding that the safety of the person and of other users of the highway would be enhanced thereby, may order the person, as a condition of restoration of his or her license or driving privilege, to install an ignition interlock device or enhanced technology ignition interlock device in any vehicle registered to that person or used by that person, for not less than 12 months nor more than 2 years, subject to the same conditions and prohibitions as if the interlock was ordered by a court under the provisions of this subdivision.

Shortly thereafter, in October 2016, the hearing examiner issued his report, which included the following findings of fact: (1) Roland was convicted of DWI in 2016; (2) his license was suspended for two years as a result of that conviction; (3) Roland was convicted of DWI in 2010; (4) his license was administratively suspended for two years as a result of that conviction; (5) Roland's 2010 conviction also reflected "a prior refusal to submit to a chemical test after an earlier DWI arrest"; and (6) Roland had an "extensive history of DWI arrests." The hearing examiner required that, as a condition of license restoration, Roland install an interlock device for a period of 12 months from the date of restoration. See id. Roland filed a motion for rehearing. He asserted that the facts stated in the report were insufficient to support the hearing examiner's decision to require the installation of a device under RSA 265-A:36-a, and that the interlock issue was not "ripe" for consideration. In response, the hearing examiner issued a second report, denying the motion for rehearing and noting that further review of Roland's driving history had revealed that, in addition to the multiple DWI convictions referenced in the first report, Roland had a 1998 DWI conviction. This appeal followed.

2

RSA chapter 541 governs our review of the hearing examiner's decision. See RSA 21-P:13, II-a (Supp. 2016); RSA 541:13 (2007). We will not set aside the hearing examiner's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. RSA 541:13. The hearing examiner's findings of fact are presumed prima facie lawful and reasonable. See id. In reviewing the hearing examiner's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record. See Appeal of Phillips, 165 N.H. 226, 235 (2013). As the appealing party, Roland has the burden to provide this court with a sufficient record to decide his issues on appeal. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

Roland first argues that the findings of fact in the hearing examiner's initial report are insufficient to support the hearing examiner's determination that "the safety of [Roland] and of other users of the highway would be enhanced" by the installation of a device. RSA 265-A:36-a. We disagree. Because Roland has failed to provide a transcript of the Department hearing, we must assume that the evidence was sufficient to support these findings. See Petition of Carrier, 165 N.H. 719, 720 (2013). The findings made by the hearing examiner, including a finding that Roland has an "extensive history of DWI arrests," amply support his decision. See RSA 265-A:36-a. Accordingly, we conclude that it was not unreasonable or unjust for the Department to require Roland to install a device as a condition of license restoration.

Next, Roland argues that the issue of whether to require the installation of an interlock device was not "ripe" for consideration. See Univ. Sys. of N.H Bd. of Trs. v. Dorfsman, 168 N.H. 450, 455-57 (2015). He argues that the hearing "should properly be performed closer in time to when [he] will actually be eligible for restoration of his driver's license." He contends that a later hearing would provide him with an "opportunity to submit evidence that could assist in demonstrating, and even establishing, that he will not pose a danger to himself or others."

However, RSA 265-A:36-a gives the Department broad discretion as to when to hold a hearing, and whether to require the installation of an interlock device as a condition of license restoration. See RSA 265-A:36-a. We will neither consider what the legislature might have said nor add words that it did not see fit to include. See Appeal of City of Concord, 161 N.H. 169, 172 (2010). There is nothing in the statute that suggests, let alone requires, that the hearing be held at a particular time. See RSA 265-A:36-a. If the legislature wanted to establish a mandatory timeframe, it knew how to do so. For example, the Department must hold a hearing "within 20 days after the filing of a request" by a person whose driver's license has been suspended or revoked. RSA 265-A:31, I(c) (2014). There is no similar timeframe in RSA 265-A:36-a.

Although there may be merit to Roland's argument that it is preferable to hold such a hearing closer to the time of license restoration, he is making a policy argument that should be addressed to the legislature, rather than to this court.  See Petition of Kilton, 156 N.H. 632, 645 (2007).

Because we affirm the Department's decision to require installation of an ignition interlock device based solely upon the hearing examiner's first report, we need not address Roland's argument regarding the additional information referenced in the report denying his motion for rehearing.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and HANTZ MARCONI, JJ., concurred.

4