# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0595, <u>Appeal of Christine Crane</u>, the court on July 12, 2019, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See Sup. Ct. R. 18(1).  We affirm.

The appellant, Christine Crane, appeals the decision of the New Hampshire Board of Nursing suspending her license for three years and imposing a $1,000 fine.  She argues that the board erred by:  (1) not holding a final hearing until sixteen months after the license suspension and hearing notice; (2) disciplining her for reasons other than those listed in the hearing notice; and (3) making findings that, she claims, are not supported by the record.

"RSA chapter 541 governs our review of board decisions."  <u>In the Matter of Bloomfield</u>, 166 N.H. 475, 478 (2014) (quotation omitted).  "Under RSA 541:13 (2007), we will not set aside the board's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable."  <u>Id</u>. (quotation omitted).  "The board's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable."  <u>Id</u>. (quotation omitted).  In reviewing the board's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record.  See <u>Appeal of Phillips</u>, 165 N.H. 226, 235 (2013).  We review the board's rulings on issues of law <u>de</u> <u>novo</u>.  <u>Appeal of Huston</u>, 150 N.H. 410, 411 (2003).

The appellant first argues that the board's decision should be reversed because the sixteen-month period between the date of the emergency license suspension and hearing notice, March 3, 2017, and the date of the final hearing, July 19, 2018, was "per se highly prejudicial," in violation of her due process rights.  It is the appellant's burden to provide this court with a record sufficient to decide her issues on appeal, as well as to demonstrate that she raised her issues before the board.  See <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  Moreover, in an administrative appeal, the appellant must first file a motion for rehearing setting "forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable."  RSA 541:4 (2007).  "Any ground not set forth in the motion for rehearing is not reviewable on appeal, absent good cause shown to specify additional grounds."  <u>Appeal of Walsh</u>, 156 N.H. 347, 351 (2007) (quotation

omitted). The reason for this requirement is that the board should have an opportunity to correct any alleged error in the first instance. Id.

The record in this case shows that the board initially scheduled the hearing for March 16, 2017, fewer than ten days after it issued the hearing notice, and that the appellant requested a continuance, which the board granted. Although the appellant asserts that she inquired repeatedly as to the new hearing date, the record fails to show that she argued to the board that the passage of time was prejudicial, in violation of her due process rights. See Bean, 151 N.H. at 250. Moreover, the record fails to show that the appellant raised this issue in her motion for rehearing. See Walsh, 156 N.H. at 351. Accordingly, we conclude that the appellant has failed to preserve the issue for review. See Bean, 151 N.H. at 250.

The appellant next argues that the board erred by disciplining her for reasons other than those listed in the hearing notice. "The notice required in an administrative proceeding does not require the same formality, specificity, and detail that is required in a criminal proceeding." Bloomfield, 166 N.H. at 483. The notice in this case apprised the appellant that the purpose of the proceeding was to "determine whether [she] has engaged in professional misconduct contrary to RSA 326-B:37, II and/or Nur 402.04(b)." The notice stated that the board had received a report from her employer alleging that she had given her patients "statistically higher administrations of Hydromorphone than her peers," and that she had engaged in "instances of atypical nursing practice in connection with pain administration." The notice alleged that the appellant admitted that she self-medicates at home with opioids, including Hydromorphone and Percocet, and that she self-administers intravenous saline at her home. The notice also alleged that the appellant admitted that, on at least one occasion, she used her husband's fentanyl patch. The board advised the appellant that the specific issues to be determined at the hearing were whether she: (1) diverted Hydromorphone; (2) used drugs to the extent that it may have impaired her ability to practice nursing safely; and (3) made false, incorrect, or inconsistent entries in patients' records.

Following a hearing, the board found that, although "[n]o Hydromorphone was unaccounted for," the appellant "withdrew 147 vials of Hydromorphone" during a period of less than three months, which was "approximately three times more than her peers." The board found that the appellant considers herself to be "an advocate for patients," and that she "would request pain medication for patients with low pain scores," and "would routinely approach the provider about ordering pain medication when a patient reported having pain." The board found that the appellant admitted that she self-medicates at home with intravenous liquids and opioids, including Hydromorphone and Percocet, for a medical condition that she failed to disclose to her employer. The board found that the appellant engaged in misconduct by: (1) "advocating for high dose narcotics for patients"; (2) "self-

2

treating with opioid medications and self-administering intravenous saline"; (3) using her husband's Lidocaine patch without a prescription; and (4) "failing to provide correct information on employment documents."

The appellant argues that the board exceeded the proper scope of the proceeding by basing its decision upon findings that are "drastically different" from the allegations in the hearing notice. The record shows, however, that the board's findings differed only somewhat from the allegations in the hearing notice, based upon the appellant's responses to the allegations. The appellant does not argue that the board's findings do not, as a matter of law, constitute nursing misconduct. Nor does she provide a developed legal argument to show that she was prejudiced by any alleged notice deficiency in the preparation of her defense. See Bloomfield, 166 N.H. at 485 (party claiming deficient notice must show prejudice). Based upon this record, we cannot conclude that the board erred by disciplining the appellant for reasons that differed to some extent from those listed in the hearing notice. See id.

Finally, the appellant argues that the board's findings are unsupported by the record. As previously noted, it is the appellant's burden to provide a record sufficient to decide her issues on appeal. Bean, 151 N.H. at 250. "If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion." Sup. Ct. R. 15(3). The appellant has failed to provide a transcript of the July 19, 2018 board hearing. Absent a transcript, we must assume that the evidence was sufficient to support the board's findings. See Atwood v. Owens, 142 N.H. 396, 396 (1997).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3